# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

DAVID HUNT,

|  |  |
|---|---|
| | CASE NO.  11-11324 |
| Plaintiff, | HON. LAWRENCE P. ZATKOFF |

v.

SALLIE MAE, INC.,

Defendant.

_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on July 19, 2011.

PRESENT:  THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 4].  The motion has been fully briefed by the parties.  The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument.  Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the motion be resolved on the briefs submitted.  For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

## II. BACKGROUND

Plaintiff undisputedly borrowed a sum of money (not disclosed in the record before the Court) from Defendant in the form of several Federal Stafford Student Loans (the "Loans").  At some point, Plaintiff defaulted on the Loans.  Defendant then began collection efforts to secure

repayment of outstanding debt in the amount of $34,000, purportedly due and owing on the Loans. According to Plaintiff, these collection efforts began in January of 2011, when Defendant called Plaintiff's cell phone.  From January to April of 2011, Defendant allegedly called Plaintiff every day, up to six times on any specific day.  In February of 2011, Plaintiff notified Defendant that it should cease calling Plaintiff.  Defendant continued.  In an attempt to cease Defendant's telephone calls, on March 17, 2011, Plaintiff told Defendant that it should call his attorney.  Defendant continued to call Plaintiff.  According to Plaintiff, Defendant called Plaintiff 21 times between March 21, 2011, and March 27, 2011.  Defendant does not dispute Plaintiff's allegations with respect to the number of times Defendant allegedly called Plaintiff.

Finally, on March 31, 2011, Plaintiff filed a four-count Complaint, alleging that Defendant, in the course of seeking repayment on the Loans, violated: (Count I) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.*; (Count II) the Michigan Occupational Code, M.C.L. § 339.901, *et. seq.*; (Count III) the Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251; and (Count IV) intentional infliction of emotional distress pursuant to Michigan's common law.  Before answering the Complaint, Defendant filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  Defendant sets forth two reasons why Plaintiff's case should be dismissed.  First, Plaintiff's Count I, alleging violations under the FDCPA, should be dismissed because the FDCPA is inapplicable to Defendant.  Second, Defendant claims that Plaintiff's three state-law claims (Counts II–IV) are preempted by the  Higher Education Act of 1965 (the "HEA"), 20 U.S.C. § 1070, *et seq.*, because such claims conflict with the regulations promulgated under the HEA.

With respect to the HEA, it was enacted to promote financial assistance to students in higher

education. *See Chae v. SLM Corp.*, 593 F.3d 936, 946 (9th Cir. 2010). Pursuant to the HEA, the Federal Family Education Loan Program ("FFELP") was established. The FFELP administers the Robert T. Stafford Federal Student Loans, and in this case, Plaintiff's loans. To ensure repayment of the loans, the HEA authorizes the Secretary of the Department of Education (the "Secretary") to promulgate regulations to carry out the purposes of the programs, including the FFELP. The Secretary has utilized that authority and issued regulations that express the measures that a lender (i.e., Defendant) must take to complete its due diligence to collect on a loan. The regulations are codified at 34 C.F.R. § 682.100–682.800. As provided in these sections, in order to comply with the HEA in servicing a federally guaranteed loan, a servicer must make diligent efforts to contact a borrower both in writing and by telephone.

### III. STANDARD OF REVIEW

A motion brought pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted tests the legal sufficiency of a plaintiff's claims. The Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in the plaintiff's favor. *See Jackson v. Richards Med. Co.*, 961 F.2d 575, 577–78 (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 319 (6th Cir. 1999). A plaintiff must make "a showing, rather than a blanket assertion of entitlement to relief" and "[f]actual allegations must be enough to raise a right to relief above the speculative level" so that the claim is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the alleged misconduct." *See also Ashcroft v. Iqbal*,

3

__ U.S. ___, 129 S. Ct. 1937, 1953 (2009).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), this Court may only consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, and matters of which the [Court] may take judicial notice." 2 James Wm. Moore et al., *Moore's Federal Practice* ¶ 12.34[2] (3d ed. 2000). If, in deciding the motion, the Court considers matters outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d).

## IV. ANALYSIS

### A.  COUNT I: THE FDCPA

Defendant argues that Plaintiff's Count I fails to state a claim because Defendant is not a "debt collector" within the meaning of the FDCPA. In response, Plaintiff concedes that because Defendant does not appear to be a "debt collector" within the meaning of the FDCPA, it does not oppose dismissal of Count I. As such, the Court dismisses Count I of Plaintiff's Complaint for failure to state a claim upon which the Court may grant relief.

### B. PLAINTIFF'S STATE-LAW CLAIMS

In considering whether Plaintiff's state-law claims are preempted, the Supremacy Clause of the Constitution makes federal law "the supreme Law of the Land." U.S. Const. art. VI, cl. 2. As a result, federal statutes and regulations properly enacted and promulgated can preempt conflicting state statutes and regulations. *Wisc. Pub. Intervenor v. Mortier*, 501 U.S. 597, 605 (1991). There are three types of preemption: (1) express preemption; (2) field preemption; and (3) conflict preemption. *Id.* at 604–05. Express preemption occurs when there is express language indicating Congress' intent to preempt state laws. Absent express language indicating Congress' intent, field

4

preemption occurs if "the Act of Congress . . . touch[es] a field in which the federal interest is so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject, or if the goals sought to be obtained and the obligations imposed reveal a purpose to preclude state authority." *Id.* at 605 (internal quotations omitted); *see English v. Gen. Elec. Co.*, 496 U.S. 72, 79 (1990). Lastly, where a state law and a federal law conflict, conflict preemption occurs when "compliance with both federal and state regulations is a physical impossibility." *Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142–143 (1963); *see Nat'l Foreign Trade Council*, 530 U.S. 363, 372–73 (2000).

Defendant contends that Plaintiff's state-law claims fail to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) because they are preempted by the HEA. Defendant asserts that the HEA requires it to make diligent efforts to collect Plaintiff's federally guaranteed debt, and Plaintiff's state-law claims conflict with the HEA. Plaintiff challenges Defendant's contention that his state-law claims are preempted. Plaintiff argues that no express or field preemption exists to bar Plaintiff's state-law claims. Plaintiff further argues that Defendant has not demonstrated how complying with the HEA would conflict with the Michigan law relied on in his claims. Alternatively, Plaintiff asserts that even if the Court were inclined to dismiss Plaintiff's state-law claims, the Court should do so without prejudice to permit Plaintiff to refile the state-law claims in an appropriate Michigan state court.

In addressing each type of preemption, the Court will first consider whether Plaintiff's state-law claims are expressly preempted. According to the 34 C.F.R. § 682.411, the lender must engage in a minimum number of collection efforts in the event of delinquency on an FFELP loan, which are described in paragraphs (c) through (n) of the regulation. With respect to telephone calls, the lender

is required to engage in a minimum number of collection efforts by telephone.  *See* 34 C.F.R. §

682.411(c)–(n).  For instance, if the payments have been delinquent between 16-to-180 days, "the

lender *must* engage in at least four diligent efforts to contact the borrower by telephone."  *Id.* at §

682.411(d)(1) (emphasis added).  If the payments are between 181-to-270 days delinquent, then the

"lender *must* engage in efforts to urge the borrower to make the required payments on the loan."  *Id.*

at § 682.411(e) (emphasis added).  The regulation also defines the term "collection activity" to

mean, among other collection efforts, "[m]aking an attempt to contact the borrower by telephone

to urge the borrower to begin or resume repayment[,]" and "[a]ny telephone discussion or personal

contact with the borrower so long as the borrower is apprised of the account's past-due status." *Id.*

at § 682.411(l)(2), l(5).  The regulation further provides a specific subsection that defines a diligent

effort to contact the borrower by telephone.  *Id.* at § 682.411(m); *see also id.* at § 682.411(c)–(n).

The regulation also contains an express preemption subsection, which states that the "provisions of

this section . . . [p]reempt any State law, including State statutes, regulations, or rules, that would

*conflict with or hinder satisfaction* of the requirements or frustrate the purposes of this section."  *Id.*

at § 682.411(o) (emphasis added).

The Court finds that Plaintiff's state-law claims are expressly preempted by the language in

34 C.F.R § 682.411(o) because, based on Plaintiff's allegations in his Complaint, the Michigan

Occupational Code, M.C.L. § 339.901, *et. seq*, (Count II); the MCPA, (Count III); and intentional

infliction of emotional distress pursuant to Michigan's common law (Count IV) conflict with the

HEA.  The parties do not dispute that the Loans were administered under the FFELP.  Because the

Loans were administered under the FFELP, Defendant must follow the provisions under the HEA

and 34 C.F.R. § 682.411 in servicing the loan.  In reviewing the HEA and 34 C.F.R. § 682.411, the

express language indicates that any state law that "would conflict with or hinder satisfaction" of due diligent efforts to collect an outstanding federally guaranteed debt similar to the debt at issue in this case is preempted. *See* 34 CFR § 682.411(o). The due diligent efforts to collect the outstanding federally guaranteed debt includes contacting the debtor by telephone. *Id.* at § 682.411(c)–(n).

In reviewing Plaintiff's Complaint, he asserts three state-law claims, two under Michigan statutes and one under Michigan common law. All three claims rely on allegations that Defendant's actions while attempting to collect Plaintiff's outstanding debt violated these state laws. However, Plaintiff does not allege any contacts by Defendant that are inconsistent with contacting him by telephone pursuant to the HEA and its regulations. Because Plaintiff's allegations do not indicate that Defendant engaged in actions that are impermissible under the HEA or 34 C.F.R. § 682.411, Plaintiff's state-law claims are in conflict with the express preemption provision in the regulation. *See* 34 C.F.R. § 682.411(o) (preempting "any State law, including State statutes, regulations, or rules, that would conflict with or hinder satisfaction of the requirements or frustrate the purposes of this section."). This conclusion is supported by the fact that if Plaintiff's claims were not preempted by the HEA, Defendant would be unable to comply with its obligations under the HEA without being subject to liability under the Michigan laws at issue in this case. *See, e.g.*, *Pirouzian v. SLM Corp.*, 396 F. Supp. 2d 1124, 1129 (S.D. Cal. 2005) (citing *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1263 (9th Cir. 1996) (holding that the HEA preempts all state law that regulates pre-litigation collection activities)); *Seals v. Nat'l Student Loan Program*, No. CA-02-101-5, 2004 WL 3314948, at *3, 6 (N.D. W. Va. Aug. 16, 2004) (holding, under *Brannan*, the HEA preempts a plaintiff's claim for improper collection practices under the West Virginia Consumer Credit Protection Act), aff'd, 124 F. App'x 182 (4th Cir.2005) (per curiam).

7

Having determined that Plaintiff's state-law claims are expressly preempted, the Court need not analyze whether field preemption or conflict preemption exists.  The Court also declines to agree with Plaintiff that his state-law claims should be dismissed without prejudice so that he may file them in state court, because such claims are preempted.   As such, Plaintiff's state-law claims, Counts II–IV, fail to state a claim upon which this Court can grant relief and are dismissed.

## V. CONCLUSION

Accordingly, for the above reasons, IT IS HEREBY ORDERED Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [dkt 4] is GRANTED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  July 19, 2011

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on July 19, 2011.

S/Marie E. Verlinde
Case Manager
(810) 984-3290

8